LABORDE, Judge.
This is a suit by plaintiff, Eve A. Richard, to recover damages for injuries she allegedly sustained in a rear-end collision with the *104 defendant, Joseph A. Trahan. The trial court rendered judgment against the defendant in the amount of $14,580.00. The plaintiff appeals the issue of quantum. We affirm.
On the evening of April 15, 1978, the plaintiff, Eve A. Richard was driving in her automobile in a westerly direction towards her house. The defendant, Joseph A. Tra-han, was following her in his vehicle, as they had previously agreed. Through inattentiveness, Mr. Trahan collided with the rear-end of plaintiff’s automobile.
At trial, the plaintiff offered proof that she suffered some injuries as a result of the April, 1978, accident. The deposition of Dr. Corbett J. LeBouef, Jr. was entered into evidence. In his deposition Dr. LeBouef testified that he treated plaintiff after the accident in April, 1978, and described her injuries as an acute cervical neck syndrome, upper thoracic strain, and contusions of the forehead. He saw her in June of 1978, when she began to experience pain in the low lumbar area. By August of 1978, plaintiff was discharged from Dr. LeBouef’s care. In August of 1979, Eve Richard returned to Dr. LeBouef complaining of low back pain, for which she was then hospitalized and placed in traction. Dr. LeBouef did not see plaintiff subsequent to September 19, 1979, for any complaints with reference to the April, 1978, accident.
On March 20, 1980, Eve Richard was involved in another automobile accident in which she was re-injured. Dr. LeBouef stated that she was examined the next day and the diagnosis was an acute cervical neck syndrome type of condition. The pain was in the same location but on the opposite side as resulted from the April, 1978, accident. In his deposition Dr. Louis C. Blanda, Jr. stated that in September of 1980, he diagnosed plaintiff as having a traumatic degenerative disc injury with little likelihood that future surgery would be necessary. Ms. Richard suffered temporary disability and still experiences minor pain from these injuries. The physicians did testify that plaintiff was predisposed to the second injury by her first accident.
The trial court concluded that the defendant’s negligence was the sole cause of the accident and held him liable. It also concluded plaintiff had recovered from the first accident by August, 1978, with one flare-up in August of 1979, and was doing well when she was re-injured in March 1980. The court awarded plaintiff $12,-500.00 for pain and suffering and $2,080.00 for medical expenses. The plaintiff appeals the issue of quantum.
The sole issue is whether the trial court abused its much discretion in awarding damages to plaintiff. Plaintiff argues that the damages awarded were “clearly inadequate and unsupported by the record.”
Our law provides in LSA-C.C. art. 1934 that in the assessment of damages, the judge has much discretion. The standard of appellate review for such trial court determinations was set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1967);
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award.”
The Supreme Court further elaborated on this standard in Reck v. Stevens, 373 So.2d 498 (La.1979), wherein it stated:
“Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion’, La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be *105 an appropriate award for the present case.”
In its written reasons, the trial judge, in discussing plaintiff’s injury, stated:
“The plaintiff has proven she suffered injuries as a result of the accident. There is a problem with causation, though, since plaintiff was in another accident in March of 1980 and sustained similar injuries then. Dr. LeBouef treated plaintiff after her first accident and described her injuries as an acute cervical neck syndrome, upper thoracic strain, and contusions of the forehead. In June of 1978 she began to experience pain in the low lumbar area. By August plaintiff was discharged from Dr. LeBouef’s care. It was not until August of the next year (1979) that plaintiff went back to Dr. LeBouef complaining of low back pain. She was hospitalized then and placed in traction. After this, plaintiff was doing well until the car accident of March 20, 1980 when she was reinjured. The doctors testified she was predisposed to this second injury by her first accident. Dr. Blanda in September 1980 diagnosed plaintiff as having a traumatic degenerative disc injury with little likelihood future surgery will be necessary. Plaintiff suffered temporary disability and still experiences minor pain from these injuries. The Court concludes plaintiff had recovered from the first accident by August 1978 with one flare-up in August 1979. She was doing fine until March 1980 when she was re-injured.”
In assessing damages, the court concluded, “In recognition of the injury she in fact suffered as a result of the first collision, the Court awards plaintiff TWELVE THOUSAND, FIVE HUNDRED AND NO/100 ($12,500.00) DOLLARS for pain and suffering and TWO THOUSAND, EIGHTY AND NO/100 ($2,080.00) for medical expenses.” After carefully reviewing the record before us, we conclude that the trial court did not abuse its much discretion in awarding damages.
For the above reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.